780 F.2d 1022
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
JOHNNIE LEE McGHAR, Petitioner-Appellee,
v.
THEODORE KOEHLER, Respondent-Appellant.
 85-1177
 United States Court of Appeals, Sixth Circuit.
 11/8/85
 
 Before: ENGEL, KENNEDY, and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner McGhar was convicted by a Washtenaw County, Michigan jury in 1975 of two offenses: assault with intent to murder (MCL 750.83; MSA 28.278) and mayhem (MCL 750.397; MSA 28.629). He was sentenced to life imprisonment on the former, and a term of six and one-half to ten years (6 1/2 to 10) on the latter offense.
 
 
 2
 After exhausting the appeals process, petitioner filed an application for a writ of habeas corpus in the United States District Court for the Eastern District of Michigan, Southern Division, challenging the jury instructions at trial and contending that he had been denied his sixth amendment right to effective counsel. The District Court denied the writ. Petitioner appealed to this Court, which reversed and remanded in an unpublished per curiam, McGhar v. Koehler, No. 82-1628 (6th Cir. Mar. 5, 1984).
 
 
 3
 On remand, the District Court granted petitioner's motion for partial summary judgment insofar as it challenged the jury instructions. The District Court then entered an order conditionally granting a writ of habeas corpus and a judgment. On December 21, 1984, the court directed the entry of final judgment in the case.
 
 
 4
 Petitioner claims, and the District Court held, that the instructions on intent violated the fourteenth amendment under Sandstrom v. Montana, 442 U.S. 510 (1979). The state concedes that certain intent instructions did violate Sandstrom. However, it raises two issues on appeal: were the offensive instructions limited to the mayhem charge, and if not, was the error harmless beyond a reasonable doubt? We affirm the District Court's ruling granting petitioner's motion for partial summary judgment in view of the error of constitutional proportions in the jury instructions. We are unable to conclude beyond a reasonable doubt that the jury could not have applied the erroneous intent instructions to both counts. Because both charges arose out of one assaultive act and because defendant's intent was a central issue in each charge, the error was not harmless beyond a reasonable doubt. We find no error in the District Court's analysis.
 
 
 5
 The judgment of the District Court is affirmed.